W. T. BURTON, ROSA PALMER, AND JOHN Y. HUTCHESON, EXECUTORS, PETITIONERS v. MRS. HENRY S. (ALICE BASKERVILL) HYDER, MRS. BERNARD (VIRGINIA) KOTKIN, PETER G. SEAMAN, JR., FAIRFAX MITCHELL LYERLY, TOMMY SIMPSON, ELIZABETH T. PALMER, LUCY BASKERVILL VAN PELT, FRANK P. HUNTER, JR., ROBERT WILLARD BASKERVILL, JR., A MINOR, GEORGE EDWARD BASKERVILL, JR., A MINOR, BARBARA JEAN BASKERVILL, A MINOR, SUSAN RAINES GARRETT, A MINOR, SARA BURTON WARD, ROSA PALMER, FRANCES TARWATER, MRS. PETER SEAMAN, BYRD BEDDOE, ALICE TAYLOR JONES, JOHN Y. HUTCHESON, MARGARET TRAYNHAM, MRS. LLOYD H. COOK, WILL BOBBITT, MAGGIE BURNETT ALSTON, ANY AND ALL OTHER PERSONS IN BEING AND NOT IN BEING WHO HAVE OR MAY IN ANY CONTINGENCY HAVE AN INTEREST IN THE ESTATE OF SADYE BASKERVILL PALMER, CHARLES T. JOHNSON, JR., GUARDIAN AD LITEM FOR ROBERT WILLARD BASKERVILL, JR., GEORGE EDWARD BASKERVILL, JR. AND BARBARA JEAN BASKERVILL, MINORS, CHARLES M. WHITE, III, GUARDIAN AD LITEM FOR SUSAN RAINES GARRETT, MINOR, JULIUS BANZET, III, GUARDIAN AD LITEM FOR ANY AND ALL OTHER PERSONS WHETHER NAMED RESPONDENTS OR NOT OR WHETHER IN BEING OR NOT IN BEING WHO HAVE OR MAY IN ANY CONTINGENCY HAVE AN INTEREST IN THE ESTATE OF SADYE BASKERVILL PALMER, RESPONDENTS.

(Filed 4 November, 1964.)

**Wills § 56—**

 By the use of parallel language in two successive residuary clauses testatrix devised one-half of her property not otherwise passing under the will to a named beneficiary and one-half of such property to another named beneficiary, followed by an item devising all of the residue and remainder of her estate to designated persons. *Held:* The last clause would be operative only if prior legacies had lapsed, and the second bequest of half of the residuary estate was of one-half of the entire residuary estate and not only a fourth thereof.

APPEAL by respondents Robert Willard Baskervill, Jr., George Edward Baskervill, Jr., and Barbara Jean Baskervill, minors, through their guardian *ad litem*, Charles T. Johnson, Jr., from *Hobgood, J.,* in chambers in WARREN.

This action was instituted by the executors of Sadye Baskervill Palmer for a construction of her will. The testatrix, a widow, died October 9, 1963, leaving no lineal descendants or ascendants. The first seventeen items of the will contained specific bequests of personal property followed by a specific devise in Item 18. Her executors were then authorized by Item 19 to sell and reduce to cash "all the rest of my property not otherwise disposed of herein." The last three items of the will provided as follows:

"Item 20. I give to my sister, Mrs. Henry S. (Alice Basker-vill) Hyder, if she survive me, one-half of my property not other-wise passing under this will.

"Item 21. I give to my niece, Mrs. Bernard (Virginia) Kot-kin, one-half of my property not otherwise passing under this will.

"Item 22. All the rest, residue, and remainder of my estate I give to my great niece and two great nephews, sons and daughter of my nephews, W. R. Baskervill and G. Edward Baskervill, and to the survivor of them and the issue of those who may be dead by stock."

Mrs. Hyder, the beneficiary named in Item 20, survived Mrs. Palm-er, and the executors are prepared to distribute to her one-half of the residuary estate, after payment of all debts, federal and state taxes, and the costs of administration. Being uncertain whether Mrs. Kotkin is en-titled to the remaining one-half of the estate or whether she must di-vide that one-half with the beneficiaries named in Item 22, the exec-utors instituted this action for specific instructions upon this question and others, not involved on this appeal.

The judge below heard the matter upon the stipulations of the parties and the undisputed facts as alleged in the petition. He entered judg-ment construing the will and giving the executors the advice requested. His Honor held, inter alia, that Mrs. Kotkin took all of the estate re-maining after the distribution to Mrs. Hyder and that the grandniece and two grandnephews named in Item 22 of the will (all minors) took nothing, since none of the gifts in items 1 through 21 of the will lapsed.

From his judgment construing the will, only the beneficiaries under Item 22 appeal and they contest only his ruling that they take nothing. It is their contention that, as a group, they take one-fourth of the re-siduary estate.

*Thomas S. Curtin and Henry C. Fisher for minor respondents appel-lants and Charles T. Johnson, Jr., their guardian ad litem.*

*Willis, MacCracken, Butler & Scheifly by Arthur B. Willis; Womble, Carlyle, Sandridge & Rice by Leon L. Rice, Jr., Charles F. Vance, Jr., and Allan R. Gitter for Mrs. Bernard (Virginia) Kotkin, respondent appellee.*

*John H. Kerr, Jr.; John Y. Hutcheson; and John H. Kerr, III, for petitioners appellees.*

PER CURIAM. In Item 19 of her will, Mrs. Palmer directed her ex-ecutors to sell all the property she had not specifically bequeathed or

devised in items 1 through 18. The cash thus derived is the residuary estate, which she described in items 20 and 21 as "my property not otherwise passing under this will." Mrs. Palmer disposed of this property by the use of parallel language in two successive residuary clauses, items 20 and 21. Thus, it seems clear to us that she did not intend the bequest in Item 22 to reduce the bequest in Item 21. The two items are totally unrelated. Item 22 would have operated only if Mrs. Hyder had predeceased the testatrix or if any of the legacies in items 1 through 18 had lapsed. We hold that it was the intention of testatrix to leave one-half of her residuary estate to her sister, Mrs. Hyder, if she survived her, and the other half to her niece, Mrs. Kotkin.

His Honor correctly interpreted the will and his judgment is
Affirmed.